EASTMAN KODAK COMPANY, Plaintiff, *v.* MORTON SIEGEL, Doing Business as TOWER PHOTO SHOP, Defendant.

Supreme Court, Special Term, New York County, March 25, 1955.

*Howard L. Kuttner* and *Eugene L. Sugarman* for defendant.
*Haliburton Fales, II,* for plaintiff.

STEUER, J. Plaintiff applies for a temporary injunction in an action for a permanent injunction pursuant to section 369-a of the General Business Law — the Feld-Crawford or Fair Trade Law. The existence of the fair-trade agreement is not in dispute. Sales below the fair-trade price are claimed and while

defendant has not admitted these, its denial is so artful as not to deserve credit.

The defendant has raised several questions, some of which are of weight. The articles involved are a Kodak Duaflex III Camera and Brownie Hawkeye Flash Model Camera. While the sales in question were of these cameras as individual products, it appears that defendant also sells them in combination with other products in so-called photographic kits. It appears that plaintiff, in this case, previously applied for a temporary injunction in regard to the sale of these kits. The injunction was denied on the ground that a manufacturer may only fair trade products of his own manufacture and when he offers them for sale in combination with articles made by others (as distinct from integrating a part made by others in his own trade-marked article) he may not fair trade the combined products. (207 Misc. 283.) Defendant now claims that the fact that plaintiff is currently selling kits is an abandonment of its fair-trade contract as regards any article comprised in the kit. Generally the question of whether a manufacturer has abandoned his contract has been treated as whether his conduct is equitable, whether he has clean hands. However it may be fairly said that where a manufacturer provides for sales at a lower price than the fair-trade price he is in no position to insist on the latter. In this connection it is well to consider whether an abandonment of the price of one or more articles is involved or of the whole contract. While a general course of unfair dealing or going into competition with retailers and underselling them might well be deemed an abandonment of the entire contract, the situation here involving only what is fair in the retailing of specific items can only be held to involve those specific items and not to affect the contract generally and other items.

It would seem that an abandonment could only be spelled out if plaintiff is permitting or consenting to an arrangement whereby the article can be sold in reality below the fair-trade contract price. In this connection no objection can be seen to combining articles in a single offer providing all of them are products of the seller's manufacture, trade-marked by him and meet the requirements of being in free competition. The fact that the fair-trade price for the combination of articles is less than the total of the fair-trade prices for the articles individually is not significant.

With these factors in mind, it is seen that there has been no abandonment of the fair-trade agreement as regards the articles that are the subject of this motion.

Defendant also claims that the contract has been abandoned by the plaintiff taking a position inconsistent with it. It appears that plaintiff has granted an agency to sell its products in New York to Ritz Camera Centers. This concern has a store in Washington, D. C. There are no fair-trade laws in the District of Columbia, and it appears that this concern sells plaintiff's products in Washington at below the fair-trade prices and also accepts mail orders at such reduced prices for items to be delivered in places where fair-trade agreements are enforced. It has been held that this is a legitimate practice. (*Revere Camera Co.* v. *Masters Mail Order Co.*, 128 F. Supp. 457.) This determination was with the proviso that the sales were made bona fide in the non-fair-trade area. Defendant argues that it will be simple and practically undetectable for this concern to refer New York customers to the Washington store advising them to purchase by mail at reduced prices. And apparently it would be. Of course the question is not how the business might be conducted, but how it is. Advertising of the Ritz Camera Centers has been submitted. Very plainly this suggests to the prospective customer that if he wishes to buy on credit he can deal with the store in his own city; if he is willing to pay cash with his order he can get the article at a reduced price by mailing the order to Washington. In this way the whole fair-trade structure could be undermined and the bulk of the retail trade channeled into non-fair-trade areas. To grant an agency or a retail franchise to an organization whose business is organized along such lines is doubtless perfectly legal. But whether it is not also such a consent to and participation in an arrangement which will so weaken the enforcement of a fair-trade agreement as to evince a willingness to abandon it is a close factual question. Its resolution must await the trial.

Motion denied.